# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BENJARDI B. VIRAY,

    Plaintiff,

vs.

HON. JESSIE E. WALSH, *et al.*,

    Defendants.

Case No. 2:13-cv-02004-APG-NJK

**SCREENING ORDER**

    Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*.

**I.** *In Forma Pauperis* **Application**

    Before the Court is plaintiff's application to proceed *in forma pauperis*. Based on the information regarding plaintiff's financial status, the Court finds that plaintiff is not able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

**II.  Screening Standard**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard

under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III. Screening of the Complaint**

Plaintiff brings a civil rights action against Judge Jessie E. Walsh of the Eighth Judicial District Court for the State of Nevada. Plaintiff alleges that Judge Walsh denied his motion to extend his prison copywork limit, which was filed in state court habeas proceedings. Plaintiff alleges that Judge Walsh's ruling made it difficult to litigate his state court proceedings and otherwise violated his civil rights.

Plaintiff may not bring a civil rights action against Judge Walsh because she made a ruling denying his motion to extend his prison copywork limit. Judges are absolutely immune from civil lawsuits for judicial acts taken within the jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); *see also Mireles v. Waco*, 502 U.S.

9, 9 (1991) (per curiam); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 750 (9th Cir. 2009) (absolute immunity is generally accorded to judges functioning in their official capacities); *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006); *Mishler v. Clift*, 191 F.3d 998, 1003 (9th Cir. 1999); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1301-02 (9th Cir. 1989); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction.").

In the instant case, plaintiff brings action against Judge Walsh for denying a motion, which is a judicial act taken within the jurisdiction of the Eighth Judicial District Court for the State of Nevada. As such, Judge Walsh is absolutely immune from plaintiff's civil rights action. Plaintiff's claim against Judge Walsh is based on a legal conclusion that is untenable and frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Court must dismiss this action with prejudice, as frivolous and because plaintiff seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is **GRANTED**. The Clerk of Court **SHALL FILE** the complaint. (ECF No. 1-1). Plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits

to the account of **Benjardi B. Viray, #78787** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of **Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even though this action is being dismissed, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT** accordingly.

**IT IS FURTHER ORDERED** that this Court **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Dated May 1, 2014.

_____
UNITED STATES DISTRICT JUDGE